IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LONESTAR INVENTIONS, L.P.,<br><br>    Plaintiff<br><br>vs.<br><br>MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD. and PANASONIC CORPORATION OF NORTH AMERICA,<br><br>    Defendant. | CASE NO. 6:08 CV 0043 (LED)<br><br>**JURY TRIAL DEMANDED** |

## MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.'S ANSWER AND COUNTERCLAIMS

Matsushita Electric Industrial Co., Ltd ("Matsushita") respectfully submits this first answer and affirmative defenses to the complaint filed by Lonestar Inventions, L.P. ("Lonestar").

## MATSUSHITA ANSWER TO COMPLAINT

### Nature of the Case

1. On information and belief, Matsushita admits that this action arises under the patent laws of the United States. As to the remaining allegations, Matsushita lacks knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph, which statement has the effect of a denial of those allegations.

2. Matsushita lacks knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph, which statement has the effect of a denial in the allegations contained therein.

3. Matsushita admits the allegations in paragraph 3 of the complaint.

4. Matsushita admits the allegations in paragraph 4 of the complaint except to deny the term "wholly owned domestic subsidiary" as used by Lonestar.

**Jurisdiction**

5. Matsushita admits the allegations in paragraph 5 of the complaint.

6. Matsushita admits that this Court has personal jurisdiction over Matsushita only. Matsushita denies that they have committed any acts of patent infringement, and Matsushita denies the remaining allegations in paragraph 6 of the complaint.

**Venue**

7. Matsushita admits that venue is proper in this judicial district. Matsushita denies any remaining allegations in paragraph 7 of the complaint.

**First Case of Action**

8. Matsushita incorporates its responses from above as appropriate.

9. Matsushita lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint, which statement has the effect of a denial of the allegations contained therein.

10. Matsushita denies the allegations in paragraph 10 of the complaint.

11. Matsushita denies the allegations in paragraph 11 of the complaint.

12. Matsushita denies the allegations in paragraph 12 of the complaint.

13. Matsushita denies the allegations in paragraph 13 of the complaint.

14. Matsushita denies the allegations in paragraph 14 of the complaint.

## MATSUSHITA'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

15. Lonestar is not entitled to any relief against Matsushita because Matsushita is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, any valid and asserted claim of U.S. Patent No. 5,208,725 (the "'725 patent").

### Second Affirmative Defense

16. On information and belief, one or more claims of the '725 patent is invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 102, 103 and 112.

### Third Affirmative Defense

17. On information and belief, Lonestar is barred from recovering any alleged damages that occurred prior to the filing of the Complaint because Lonestar failed to comply with the requirements of 35 U.S.C. § 287.

### Fourth Affirmative Defense

18. Upon information and belief, Lonestar's claim for relief is barred, in whole or in part, by the doctrine of laches or waiver, or both.

### Fifth Affirmative Defense

19. Upon information and belief, Lonestar's claim for relief is barred, in whole or in part, by the application of the doctrine of equitable estoppel, including, but not limited to, the doctrine of prosecution history estoppel.

### Sixth Affirmative Defense

20. Upon information and belief, Lonestar's claims in this case are barred, in whole or in part, by 28 U.S.C. § 1498.

## MATSUSHITA'S COUNTERCLAIMS

As for their counterclaims, Matsushita complains as follows:

21. Matsushita is a corporation organized and existing under the laws of Japan, having its principal place of business at 1006, Kadoma, Kadoma City, Osaka 871-8501.

22. Upon information and belief, Lonestar is an entity organized and existing under the laws of Texas as alleged in the complaint in this action.

23. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

24. Lonestar is subject to personal jurisdiction in this judicial district because of the already-pending action and because they conduct business in the State of Texas.

25. Venue for this counterclaim is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

### (For Declaratory Judgment of Non-Infringement of the '725 Patent)

26. Matsushita repeats and realleges the allegations of the preceding paragraphs in this counterclaim as if fully set forth herein.

27. Contrary to Lonestar's allegations, Matsushita is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, any valid and asserted claim of the '725 patent.

28. To resolve the legal and factual questions raised by Lonestar, and to afford relief from the uncertainty and controversy that Lonestar's accusations have precipitated, Matsushita is entitled to a declaratory judgment that they do not infringe any valid and asserted claim of the '725 patent.

## MATSUSHITA'S PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Matsushita respectfully requests that this Court enter judgment in their favor and grant the following relief:

A. A declaration that Matsushita does not infringe any valid and asserted claim of the '725 patent;

B. A declaration that the '725 patent is invalid;

C. Dismissal of all of Lonestar's claims in their entirety with prejudice;

D. An Order finding that this is an exceptional case and awarding defendants their reasonable attorney fees pursuant to 35 U.S.C. §285.

E. A declaration that Lonestar take nothing by way of its complaint; and

F. An Order awarding such additional relief to Matsushita as the Court may deem appropriate, and just, under the circumstances.

## MATSUSHITA'S DEMAND FOR JURY TRIAL

Matsushita hereby demands a trial by jury on all issues so triable.

| Dated:  June 19, 2008 | Respectfully submitted, |
|---|---|
| | */s/ Robert Christopher Bunt*<br>Robert Christopher Bunt<br>State Bar No.  00787165<br>Robert M. Parker<br>State Bar No. 15498000<br>Charles Ainsworth<br>State Bar No. 00783521<br>Andrew T. Gorham<br>State Bar No. 24012715<br>**PARKER, BUNT & AINSWORTH, P.C.**<br>100 E. Ferguson, Suite 1114<br>Tyler, Texas 75702<br>T:  903.531.3535<br>F:  903.533.9687<br>Email:  rmparker@pbatyler.com<br>Email:  rcbunt@pbatyler.com<br>Email:  charley@pbatyler.com<br>Email:  tgorham@pbatyler.com<br><br>      Lead Counsel<br><br>ATTORNEYS FOR DEFENDANTS MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD. and PANASONIC CORPORATION OF NORTH AMERICA |

Of Counsel:

Jack Q. Lever, Jr.
Shamita D. Etienne-Cummings
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.  12th Floor
Washington, DC  20005-3096
Telephone:  202.756.8000
Facsimile:  202.756.8087
E-mail:   jlever@mwe.com
             setienne@mwe.com

Bijal V. Vakil
Jennifer Yokoyama
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.813.5000
Facsimile: 650.813.5100
E-mail: bvakil@mwe.com
jyokoyama@mwe.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 19th day of June, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT